IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES SHEPHERD, ) | CASE NO. 1:04 CV 1283 |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | MEMORANDUM AND ORDER DENYING |
| ) | PETITIONER'S REQUEST FOR |
| STATE OF OHIO, ) | APPOINTMENT OF APPELLATE |
| ) | COUNSEL |
| Respondent. ) | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on pro se petitioner Charles Shepherd's Motion For Appointment of [Appellate] Counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. 1915(d).  (Doc. 36).  Mr. Shepherd brought this habeas petition challenging his 2002 conviction for rape (one count) and attempted kidnaping (one count) after a jury trial in the Cuyahoga County, Ohio, Court of Common Pleas.  Mr.

Shepherd lodged four grounds for habeas relief.  In a thorough Report and Recommendation  Magistrate Judge William H. Baughman, Jr. recommended denying the petition on each of the four asserted grounds for relief.  (Doc. 29).  Mr. Shepherd filed an objection to the Report and Recommendation only as to the first two grounds of relief.  (Doc. 31).  This Court adopted the Report and Recommendation and dismissed the petition upon a de novo review of Mr. Shepherd's objections with regard to the First and Second grounds for relief.  (Doc. 32).

For the reasons set forth below the Court will deny the petitioner's request for appointment of appellate counsel.

Mr. Shepherd requests legal representation for an appeal to the Sixth Circuit of this Court's denial of his petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.  Petitioner's basis for requesting appointment of counsel is four-fold: (1) he is indigent; (2) he lacks legal training; (3) counsel would protect his interests; and (4) the ends of justice would best be served if he were represented by counsel.   (Doc. 36).

Indigent habeas petitioners have no constitutional right to a court-appointed attorney.  Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir.2002).  "Habeas corpus is an extraordinary remedy for unusual cases."  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986);  Thirkield v. Pitcher, 199 F.Supp. 2d 637, 653 (E.D. Mich. 2002).  The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel.  Mira v. Marshall, 806

F.2d 636, 638 (6th Cir.1986). Moreover, in this case Mr. Shepherd must establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991).

The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. 18 U.S.C. § 3006A(a)(2); Rule 8(c), Rules Governing Section 2254 Cases. In determining whether or not "the interests of justice so require" the appointment of appellate counsel in a habeas petition, the Court must consider certain factors. Case law provides:

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir.1986); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir.1986). These factors have been held to apply to habeas corpus cases. Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

Mr. Shepherd raised four issues for the Court's habeas review: (1) abuse of trial court discretion in violation of Ohio Evid. R. 609(B) in making a timely objection to not call a witness; (2) abuse of trial court discretion in violation of Ohio Evid. R. 609(B) in allowing the use of a thirteen-year-old prior felony for impeachment; (3) trial evidence was constitutionally insufficient to support a conviction for attempted kidnaping; and (4) Ohio's rape law is "void for vagueness".

- 3 -

In this case, the Petitioner's claims lack "substance" for three reasons.  First, pursuant to a Maupin inquiry the Fourth ground for relief is procedurally defaulted. Maupin v. Smith, 785 f. 2d 135 (6th Cir. 1986).  Second, the evidentiary issues in the First and Second grounds for relief are procedurally defaulted as not fairly presented as they were enunciated exclusively as questions of state evidentiary law and not as federal claims as prescribed by Blackmon v Booker, 394 F.3d 399, 400 (6th Cir. 2004). Finally, the Ohio courts' rejection of Mr. Shepherd's insufficiency of evidence claim was not contrary to United States Supreme Court law nor did it represent an unreasonable application of the law to the circumstances presented.

However, even if the Court found that Petitioner met the "substance" threshold, it remains necessary for the Court to also find the issues presented and the procedural posture of the case to be complex.  See Pennsylvania v. Finley, 481 U.S. at 557.  The Court determines that neither the issues nor the procedural posture of this case are complex.

Finally, in its 9 February 2007 Order, this Court denied Mr. Shepherd a certificate of appealability, pursuant to Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  An appeal may not be taken from the final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  The Court's independent review of the record found that Mr. Shepherd had not made the requisite showing demonstrating that reasonable jurists would find that any assessment of his constitutional claims is debatable or wrong.

Accordingly, Mr. Shepherd's motion for the appointment of appellate counsel is denied.

IT IS SO ORDERED.

                                        /s/Lesley Wells
                                UNITED STATES DISTRICT JUDGE